RICHARD B. TINDALL, INDIVIDUALLY, AND AS CITY CLERK OF THE CITY OF PASSAIC, PROSECUTOR, v. CHARLES RUST, RECEIVER.

Argued June 11, 1901—Decided November 11, 1901.

By a resolution of the city of P., every applicant for a liquor license is required, at the time of making his application, to deposit the amount of the license fee with the city clerk. *Held,* that the deposit of the license fee vests a conditional right thereto in the municipality, which becomes absolute upon the granting of the application.

On *certiorari* to review judgment of the Paterson District Court.

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Adrain D. Sullivan.*

For the defendant, *George P. Rust.*

The opinion of the court was delivered by

GUMMERE, J.    The material facts upon which the judgment under review is founded are certified to us as follows: The firm of Moreland Brothers recovered a judgment against William J. Ryan in the Paterson District Court, on the 22d day of March, 1900, for $100.93; execution was issued thereon but returned unsatisfied.    On the 20th day of June, in that year, Ryan filed an application for a liquor license with Tindall, the prosecutor, as city clerk of the city of Passaic, and accompanied the same with a deposit of $250, said deposit being made in pursuance of a resolution of the city council of Passaic, which required every application for a license to sell intoxicating liquors to be presented to the city clerk, and to be accompanied with a deposit of the amount named.    On the 25th day of June, 1900, Moreland Brothers procured from the Paterson District Court an order requiring Ryan to appear for an examination as to his property and things in action, and prohibiting Tindall from paying the $250 in his hands either to Ryan or to anyone for him; and, also, forbidding Ryan to collect the same.    This order was served on Tindall on the same day, and on that day also the city council of Passaic granted the application of Ryan for a license and Tindall subsequently turned over to the city treasurer the amount of the deposit made with him.    On October 4th, 1900, the defendant was appointed receiver of the property and things in action of Ryan, and thereupon brought suit against Tindall, individually, and as city clerk, to recover from him the $250 deposited with him by Ryan.

On these facts the District Court of Paterson concluded that the receiver was entitled to recover, and rendered the judgment against the prosecutor which is brought up by this writ.    We do not think the judgment can be sustained.    The prosecutor, in receiving the license fee from Ryan was the mere agent of the city, acting only as its depositary.    The payment to the city of these moneys at the time of the making of the application for his license by Tindall vested in the municipality a conditional right to the fund.    That right became absolute provided favorable action should subsequently

be taken by the council upon the application. Favorable action was taken, and thereby these moneys became the absolute property of the city so far as Ryan was concerned. The right of the receiver to compel a surrender of this fund to him by the city was no greater than that of Ryan himself; he stands in the latter's shoes. The only method by which Ryan could have obtained a return of the money was by withdrawing his application for the license, assuming that he had a right so to do. The theory upon which the judgment of the District Court was rendered seems to have been that the service of the restraining order upon the prosecutor operated as a withdrawal of Ryan's application. This we think is plainly a fallacy. That the restraining order did not, in fact, operate as a withdrawal of Ryan's application is demonstrated by the subsequent issuing of the license to him by the municipal authorities, and his acceptance of it. Why it should be considered to have, in theory of law, an effect which it did not have in fact, is not made apparent. Our conclusion is that the restraining order did not prohibit the city clerk from turning over to the city, whose agent he was, the license fee deposited by Ryan, upon the issuing of the license to the latter, and that his action in so doing did not render him legally liable to pay to the receiver of Ryan's judgment creditor the amount of this deposit.

The judgment below should be reversed.